UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

CASE NO. 1:21-CR-00421-JDB

JOHN MARON NASSIF,

DEFENDANT.

_____

MOTION IN LIMINE TO PRECLUDE GOVERNMENT ARGUMENTS
FOR VICARIOUS CRIMINAL LIABILITY

The Defendant, John Maron Nassif, moves in limine for an order barring the government from making any argument at trial that suggests the actus reus element of an offense may be satisfied, in whole or in part, by other persons' conduct. Such an argument would be contrary to the plain language of the statutes under which Mr. Nassif is charged and would violate well-established principles of criminal liability. The government should not be permitted to suggest that the jury may convict Mr. Nassif based on vicarious liability for another person's conduct.

I.   **Mr. Nassif is charged with offenses defined by reference to a defendant's personal conduct.**

From the government's pleadings, Mr. Nassif's counsel expects that the government will suggest the jury may consider other persons' conduct to find that the actus reus elements of Mr. Nassif's charges are satisfied. For Counts Two through Four of the Information, Doc. 8, those elements are

- "engag[ing] in disorderly or disruptive conduct" (Count Two), 18 U.S.C. § 1752(a)(2);

- "utter[ing] loud, threatening, or abusive language, or engag[ing] in disorderly or disruptive conduct" (Count Three), 40 U.S.C. § 5104(e)(2)(D); and
- 
- "parad[ing], demonstrat[ing], or picket[ing]" (Count Four), 40 U.S.C. § 5104(e)(2)(G).

Each of the offenses plainly focuses on a given defendant's conduct.

Section 5104(e)(2) is not to the contrary, despite the opening phrase, "An individual *or group of individuals* may not willfully and knowingly " (Emphasis added). Even if that phrase created ambiguity, the rule of lenity would dictate that it not be read to depart from the traditional principle that a person may only be criminally liable for his own conduct. *United States v. Cano-Flores*, 796 F.3d 83, 93–94 (D.C. Cir. 2015) ("[T]he rule of lenity requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them." (quoting *United States v. Santos,* 553 U.S. 507, 514 (2008))). "In our jurisprudence guilt is personal," *Scales v. United States*, 367 U.S. 203, 224 (1961). "[H]olding one vicariously liable for the criminal acts of another may raise obvious due process objections," *United States v. Decker*, 543 F.2d 1102, 1103 (5th Cir. 1976).

Here, § 5104(e)(2) gives no reason to adopt such an anomalous interpretation. Instead, the most natural reading of the statute is that the reference to an "individual or group" simply reflects the kinds of acts described in § 5104(e)(2), which often may (but need not) involve multiple actors. The phrase cannot reasonably be read to suggest that a person would be guilty under § 5104(e)(2)(B) or (F), for example, if he did not himself "enter or remain in the gallery of either House of Congress," § 5104(e)(2)(B), or "engage in an act of physical violence," §

2

5104(e)(2)(F)—unless, as the next section explains, the person conspired with or aided or abetted others, and was accountable for others' conduct on one of those bases.

## II. Vicarious liability is exceptional in American criminal law and does not apply to ordinary criminal charges against individual defendants.

If members of a group conspire together or aid and abet one another, then principles of vicarious liability (conspiracy) or accomplice liability (aiding or abetting) can make a group member criminally liable for others' conduct. But the government has not charged a conspiracy, nor aiding or abetting. *See* Doc. 12. Liability for aiding or abetting requires "(1) the specific intent to facilitate the commission of a crime by another; (2) guilty knowledge on the part of the accused; (3) that an offense was being committed by someone; and (4) that the accused assisted or participated in the commission of the offense." *United States v. Raper*, 676 F.2d 841, 849 (D.C. Cir. 1982) (citing *United States v. Prince*, 529 F.2d 1108 (6th Cir. 1976); *United States v. Staten*, 581 F.2d 878, 886–87 (D.C. Cir. 1978); *United States v. Wiley*, 492 F.2d 547, 551 (D.C. Cir. 1973)).

The government's "collective action" theory doesn't appear to be that Mr. Nassif actually aided or abetted another person who engaged in disorderly or disruptive conduct, or paraded, demonstrated, or picketed. It has not, for instance, incorporated 18 U.S.C. § 2 into the Information in this case. Doc. 12. Instead, the government appears to argue for something more akin to vicarious liability, though it does not use those words.

The doctrine of vicarious liability allows a jury to convict a defendant without

any proof that the defendant personally engaged in prohibited conduct. 2 Wayne R. LaFave, *Substantive Criminal Law* § 13.4 (3d ed. Dec. 2021 Update) ("with vicarious liability . . . the need for a personal *actus reus* . . . is dispensed with, and there remains the need for whatever mental fault the law requires"). Vicarious liability is exceptionally convenient for prosecutors—and for that reason, it is exceptional. *Id.* ("in criminal law [vicarious responsibility] is a departure from the basic premise of criminal justice that crime requires personal fault"); *see also Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 751 (1989) (Brennan, J., dissenting) (noting that in criminal law, unlike civil law, "vicarious . . . liability would be extraordinary"). A version of it, so-called *Pinkerton*[1] liability, applies in conspiracy cases. *See United States v. Silvestri*, 409 F.3d 1311, 1335 (11th Cir. 2005) ("Each party to a continuing conspiracy may be vicariously liable for substantive criminal offenses committed by a co-conspirator during the course and in the furtherance of the conspiracy, *notwithstanding the party's non-participation in the offenses or lack of knowledge thereof*." (emphasis added in *Silvestri*) (quoting *United States v. Mothersill,* 87 F.3d 1214, 1218 (11th Cir. 1996))).

But most often, vicarious liability applies to *corporate* defendants. *See* LaFave, *supra*, § 13.4 (under vicarious liability, "the defendant, generally one conducting a business, is made liable, though without personal fault, for the bad conduct of someone else, generally his employee"); *United States v. Philip Morris USA Inc.*, 566 F.3d 1095, 1118 (D.C. Cir. 2009) ("Corporations may be held liable for specific intent

---

[1] *Pinkerton v. United States*, 328 U.S. 640 (1946).

offenses based on the 'knowledge and intent' of their employees . . . [b]ecause a corporation only acts and wills by virtue of its employees "). It is not surprising, then, that the government does not expressly argue for vicarious liability in this case. But in practical terms, that is the import of its "collective action" arguments.

**III. Allowing the government to suggest that Mr. Nassif may be convicted based on others' conduct would invite the jury to misapply the law and render a verdict that does not reflect his personal culpability.**

The government must prove beyond a reasonable doubt that *Mr. Nassif personally* "engage[d] in disorderly or disruptive conduct" §§ 1752(a)(2), 5104(e)(2)(D), and "parade[d], demonstrate[d], or picket[ed]," § 5104(e)(2)(G). That is the clear requirement of the applicable statutes and a fundamental principle of criminal liability.

Mr. Nassif moves this Honorable Court to exclude, pursuant to Federal Rule of Evidence 403, any evidence and argument that he was a part of a conspiracy or that he was part of a group acting in concert to achieve a common criminal purpose on January 6, 2021. Mr. Nassif has not been charged with conspiracy, and evidence and arguments that he was part of a conspiracy should be excluded as prejudicial and misleading under Federal Rule of Evidence 403. Evidence and argument that Mr. Nassif acted in concert with others to commit the charged crimes would suggest that the factfinder make its decision on an improper basis: that he was part of a group whose collective actions resulted in commission of the crimes, rather than that he himself committed them.

In a recent trial in the District, *United States v. Rivera*, 1:21-cr-060(CKK), the

government argued that "an avalanche starts with a single stone, a flood with a single drop of water, but no single stone and no single drop of water alone works to create the avalanche or the flood" and that the defendant "wanted to achieve the common objective of disrupting Congress." *United States v. Rivera*, 1:21-cr-060 (CKK), Doc. 65 at 36-37. And, in *United States v. Alford*, 1:21-cr-00263-TSC, the government also argued in closing argument that defendant's actions on January 6, 2021 were analogous to drops of water that make up part of a flood. However, the droplets-in-a-flood analogy is inapt, and these types of arguments are misleading, confusing, and prejudicial where the defendant has not been charged with conspiracy.

Indeed, even for cases where conspiracy is actually charged, the D.C. Circuit of Appeals has cautioned that "[t]he 'dangers of transference of guilt' are such that a court should use 'every safeguard to individualize each defendant in his relation to the mass.'" *United States v. Mardian*, 546 F.2d 973, 977 (D.C. Cir. 1976) (quoting *Kotteakos v. United States*, 328 U.S. 750, 774, 773 (1946)). "Particularly where there is a great disparity in the weight of the evidence, strongly establishing the guilt of some defendants, the danger persists that that guilt will improperly 'rub off' on the others." *Mardian*, 546 F.2d at 977. Any argument or testimony that Mr. Nassif is responsible for the acts of others present at the same time or evidence that Mr. Nassif acted in concert with a group would amount to intentionally transferring the guilt of others to Mr. Nassif.

The question is not whether Mr. Nassif's conduct, together with the conduct of others, was disruptive in the aggregate. Mr. Nassif is charged alone for his own

6

alleged conduct, and his conduct alone must be shown beyond a reasonable doubt to have been disorderly and/or disruptive to convict him of Count Two under 18 U.S.C. § 1752(a)(2) and Count Three under 40 U.S.C. § 5104(e)(2)(D). And, with respect to Count Four, which charges Parading, Picketing, or Demonstrating under § 5104(e)(2)(G), Mr. Nassif is likewise charged alone for his own alleged conduct; his own expressive conduct must meet the elements to support a conviction. Accordingly, evidence and argument that Mr. Nassif was part of a group acting in concert to be disruptive and/or disorderly would prejudice Mr. Nassif, confuse the issues, and mislead the fact finder. *Cf. United States v. Sampol*, 636 F.2d 621, 645 (D.C. Cir. 1980) ("The testimony left the clear inference that although not charged, there was the definite possibility that Ignacio was in reality a co-conspirator. . . ."). "Admission of such evidence would naturally lead a jury to assume that [Mr. Nassif] had the motive of his [alleged] associates: a slightly refined version of guilt by association." *United States v. Hernandez*, 780 F.2d 113, 118 (D.C. Cir. 1986) (finding that mere presence and shouting during a fight did not indicate participation in the fight and that, even if it did, the limited probative value of such "attenuated involvement" was "overwhelmed" by its prejudicial effect).

  Accordingly, Mr. Nassif asks the Court to enter an order barring the government from arguing or suggesting at trial that the jury may find any charged element to be satisfied by other individuals' conduct. Additionally, for the reasons discussed above, the Court should also exclude any evidence and argument that Mr. Nassif was a part of a conspiracy or that he was part of a group acting in concert to achieve a common criminal purpose on January 6, 2021.

Respectfully submitted,

A. Fitzgerald Hall
Federal Defender, MDFL

*/s/ James T. Skuthan*
James T. Skuthan
First Assistant Federal Defender
Florida Bar No. 0544124
201 South Orange Avenue, Suite 300 Orlando, FL 32801
Telephone: 407-648-6338
Fax: 407-648-6095
E-Mail: jim_skuthan@fd.org

### CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2022, I electronically filed the foregoing via this Court's CM/ECF system, which will send notice of such filing to all counsel of record.

*/s/ James T. Skuthan*
James T. Skuthan, Esq.
Attorney for Defendant

8