UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CASE NO. 21-cr-421 (JDB) |
| : | |
| JOHN MARON NASSIF, : | |
| : | |
| Defendant. : | |

MOTION IN LIMINE TO PRECLUDE ARGUMENTS AND
EVIDENCE ABOUT ALLEGED LAW ENFORCEMENT INACTION

The government respectfully requests that the Court issue an order precluding Defendant John Maron Nassif from any of the following: (1) arguing any entrapment by estoppel defense related to law enforcement; (2) offering evidence or argument concerning any claim that by allegedly failing to act, law enforcement made the defendants' entry into the United States Capitol building or grounds or their conduct therein lawful; or (3) arguing or presenting evidence of alleged inaction by law enforcement unless the defendants specifically observed or were otherwise aware of such conduct.

I.   **This Court Should Preclude the Defendant from Arguing Entrapment by Estoppel**

The defendant should be prohibited from making arguments or attempting to introduce evidence that law enforcement gave permission to the defendant to enter the U.S. Capitol. "To win an entrapment-by-estoppel claim, a defendant criminally prosecuted for an offense must prove (1) that a government agent actively misled him about the state of the law defining the offense; (2) that a government agent was responsible for interpreting, administering, or enforcing the law defining the offense; (3) that the defendant actually relied on an agent's misleading pronouncement in committing the offense; and (4) that the defendant's reliance was

reasonable in light of the identity of the agent, the point of law misrepresented, and the substance of the misrepresentation." *United States v. Chrestman*, 525 F. Supp. 3d 14, 31 (D.D.C. 2021) (emphasis added) (*quoting United States v. Cox*, 906 F.3d 1170, 1191 (10th Cir. 2018)).

In *Chrestman*, another judge of this Court rejected an entrapment by estoppel argument raised by a January 6th defendant charged with, *inter alia*, violations of 18 U.S.C. §§ 1512(c)(2), 1752(a)(1) and (b)(1)(A) and 1752(a)(2) and (b)(1)(A). Although *Chrestman* involved an argument that former President Trump gave the defendant permission to enter the Capitol building, the reasoning in *Chrestman* applies equally to an argument that a member of law enforcement gave permission to the defendants to enter the Capitol building. As reasoned in *Chrestman*, "Cox unambiguously forecloses the availability of the defense in cases where a government actor's statements constitute 'a waiver of law' beyond his or her lawful authority." *Chrestman*, 525 F. Supp. 3d at 32 (*quoting Cox v. Louisiana*, 379 U.S. 559, 569 (1965)).

Just as "no President may unilaterally abrogate criminal laws duly enacted by Congress as they apply to a subgroup of his most vehement supporters," no member of law enforcement could use his authority to allow individuals to enter the Capitol building during a violent riot after "obvious police barricades, police lines, and police orders restricting entry at the Capitol" had already been put in place by the United States Capitol Police and the Secret Service. *Id*. at 32. Indeed, just last month, a judge of this Court ruled in another January 6, 2021, case that "the logic in Chrestman that a U.S. President cannot unilaterally abrogate statutory law applies with equal force to government actors in less powerful offices, such as law enforcement officers protecting the U.S. Capitol Building." Memorandum and

Order, *United States v. Williams*, No. 21-cr-377-BAH, at *2 (D.D.C. June 8, 2022).

Even if the defendant could establish that a member of law enforcement told him that it was lawful to enter the Capitol building or allowed him to do so, the defendant's reliance on any such statement would not be reasonable in light of the "obvious police barricades, police lines, and police orders restricting entry at the Capitol." *Chrestman*, 525 F. Supp. 3d at 32. Moreover, the defendant's actions belie any argument that he actually relied on any such statement by law enforcement when he made a decision to unlawfully enter the Capitol building through a door with broken glass with a piercing alarm sound while he and others were chanting to be let in the closed doors.

At approximately 2:25 p.m., the East Rotunda Door through which the defendant gained entry was breached by rioters. CCTV footage from the Capitol shows that, at approximately 3:09 p.m., officers managed to briefly close the doors, which showed broken glass in the doors' windows.



3

Approximately two minutes later, a rioter pushed his/her way out of the door, at which point rioters began forcing their way in and out. At approximately 3:14 p.m., the same footage shows the defendant (circled in red, below) pushing his way in along with officers in riot gear. The area then was flooded with people pushing officers and civilians in every direction, with the number of rioters far outnumbering the number of officers.



The defendant spent about ten minutes in the area in and near the Rotunda before exiting the building at approximately 3:23 p.m.

II. **This Court Should Preclude the Defendant from Arguing that Alleged Inaction by Law Enforcement Officers Made His Conduct on January 6, 2021 Legal**

In addition to prohibiting any defense argument that law enforcement actively communicated to the defendant that entering the Capitol building or grounds was lawful, the Court should also bar the defendant from arguing that any failure to act by law enforcement rendered his conduct legal. The same reasoning that applied in *Chrestman* again applies here.

4

That is, like the Chief Executive, a Metropolitan Police Officer or Capitol Police Officer cannot "unilaterally abrogate criminal laws duly enacted by Congress" through his or her purported inaction. *Chrestman*, 525 F. Supp. 3d at 33. An officer cannot shield an individual from liability for an illegal act by failing to enforce the law or ratify unlawful conduct by failing to prevent it. Indeed, another judge of this District expressly reached that conclusion in *Williams* last month. *Williams,* No. 21-cr-377-BAH, at *3 ("Settled caselaw makes clear that law officer inaction—whatever the reason for the inaction—cannot sanction unlawful conduct."). This Court should apply the same principle in this case. Accordingly, the defendant should be prohibited from arguing that his conduct was lawful because law enforcement officers allegedly failed to prevent it or censure it when it occurred.

**III.     This Court Should Preclude the Defendant from Arguing or Presenting Evidence of Alleged Inaction by Law Enforcement Officers Unless the Defendant Specifically Observed or Was Otherwise Aware of Such Conduct**

The government acknowledges that the conduct of law enforcement officers may be relevant to the defendant's state of mind on January 6, 2021. However, unless the defendant shows that, at the relevant time, he specifically observed or was otherwise aware of some alleged inaction by law enforcement, such evidence is irrelevant to the defendant's intent. Federal Rule of Evidence 401 states that evidence is relevant if it "has any tendency to make a fact more or less probable … and the fact is of consequence in determining the action." Fed. R. Evid. 401. Here, if the defendant was not aware of law enforcement's alleged inaction at the time of his entry onto restricted grounds or into the Capitol building (or at the time he committed the other offenses charged in the Information), any alleged inaction would have no bearing on the defendant's state of mind and therefore would not meet the threshold for relevance.    Again,

5

another judge of this district adopted the same reasoning in granting an analogous motion in *limine* last month. *See Williams*, No. 21-cr-377-BAH, at *3-4. The Court should reach the same conclusion in this case and should exclude testimony and evidence of any alleged inaction by the police as irrelevant, except to the extent the defendant shows that he specifically observed or was aware of the alleged inaction by the police when he committed the offenses charged in the information.

## CONCLUSION

For the reasons set forth herein, the government respectfully requests that this Court preclude improper argument or evidence related to entrapment by estoppel, that law enforcement's alleged inaction rendered the defendant's actions lawful, and any evidence or argument relating to alleged inaction by law enforcement except to the extent that the defendant specifically observed or was otherwise aware of such conduct at the relevant time.

Respectfully submitted,

Matthew M. Graves
United States Attorney
D.C. Bar No. 481052

 */s/ Elizabeth N. Eriksen*
Elizabeth N. Eriksen
Trial Attoreny, Detailee
VA Bar No. 72399
United States Department of Justice,
Criminal Division
Detailed to USAO-DC
(202) 616-4385
Elizabeth.Eriksen@usdoj.gov

<u>/s/ *Brian Morgan*</u>

Brian Morgan
Trial Attorney, Detailee
New York Bar No. 4276804
U.S. Department of Justice, Criminal Division
Detailed to USAO-DC
(202) 305-3717
<u>Brian.Morgan@usdoj.gov</u>

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that one the 24th day of October, 2022, I filed electronically the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following counsel of record:

James T. Skuthan, Esq.
First Assistant Federal Defender
Florida Bar #544124
Office of the Federal Defender - MDFL
201 S. Orange Avenue, Suite 300
Orlando, FL 32801
Office - 407-480-5048 x6143
Jim_Skuthan@fd.org

                                            */s/ Elizabeth N. Eriksen*
                                            Elizabeth N. Eriksen
                                            Trial Attoreny, Detailee
                                            VA Bar No. 72399
                                            United States Department of Justice, Criminal Division
                                            Detailed to USAO-DC
                                            (202) 616-4385
                                            Elizabeth.Eriksen@usdoj.gov