UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | Case No: 21-cr-421-JDB |
| v. : | |
| : | |
| **JOHN MARON NASSIF,** : | |
| : | |
| : | |
| **Defendant.** : | |

### GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE REGARDING PRECLUDING ARGUMENTS AND EVIDENCE ABOUT ALLEGED LAW ENFORCEMENT INACTION

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this reply to Defendant John Maron Nassif's (hereinafter, "Defendant Nassif") Response To Government's Motion in Limine To Preclude Arguments and Evidence About Law Enforcement Inaction (ECF No. 54) ("Response"). For the reasons set forth in the Government's prior filing (ECF No. 51) and below, the Court should grant the Government's motion in limine.

In his Response, Defendant Nassif argues that he should be able to offer evidence of acts or omissions by police officers as probative of his own mental state, specifically, his knowledge that an area was restricted or that he lacked lawful authority to enter an area. (Response, p. 2).

While not disagreeing with this general proposition, the Government reiterates its request that Defendant Nassif should be precluded from (1) arguing any entrapment by estoppel defense related to law enforcement; (2) offering evidence or argument concerning any claim that by allegedly failing to act, law enforcement made the defendants' entry into the United States Capitol building or grounds or their conduct therein lawful; or (3) arguing or presenting evidence of alleged

inaction by law enforcement unless the defendants specifically observed or were otherwise aware of such conduct.

As described in the Government's initial brief, while Defendant Nassif may argue that his knowledge was impacted by the actions of those around him, he should not be able to argue that any actions of law enforcement officers made it lawful for him to be in the Capitol on January 6. Additionally, to the extent that he is permitted to present evidence of actions of law enforcement officers that allegedly impacted his knowledge that an area was restricted or that he lacked lawful authority to enter an area, such evidence should relate only to officers that Defendant Nassif personally observed.

## **CONCLUSION**

For the reasons set forth above, the court should grant the government's motion in limine precluding arguments and evidence about alleged government inaction.

Respectfully submitted,

Matthew M. Graves
United States Attorney
D.C. Bar No. 481052

*/s/ Elizabeth N. Eriksen*
Elizabeth N. Eriksen
Trial Attorney, Detailee
VA Bar No. 72399
United States Department of Justice,
Criminal Division
Detailed to USAO-DC
(202) 616-4385
Elizabeth.Eriksen@usdoj.gov

/s/ *Brian Morgan*

Brian Morgan
Trial Attorney, Detailee
New York Bar No. 4276804
U.S. Department of Justice, Criminal Division
Detailed to USAO-DC
(202) 305-3717
Brian.Morgan@usdoj.gov