IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.	CASE NO. 1:21-CR-00421-JDB-1

JOHN MARON NASSIF

_____ /

**OPPOSED MOTION TO EXTEND SURRENDER DATE**

The Defendant, John Maron Nassif, by and through his undersigned attorney, moves this Honorable Court to enter its order extending the date that Mr. Nassif must report to the Bureau of Prisons for a period of forty days, or until July 23, 2023. As grounds in support thereof, the undersigned states the following:

1. That Mr. Nassif was sentenced by this Honorable Court to a term of imprisonment of seven (7) months on counts one and two, to run concurrently with each other and concurrently with counts three and four. Doc. 87. This Honorable Court entered the judgment in this case on May 8, 2023. Doc. 87. The undersigned filed a notice of appeal on May 12, 2023. Doc. 89.

2. That Mr. Nassif has been represented by the Office of the Federal Defender, Middle District of Florida since May 10, 2021. The undersigned's office will be handling the appeal in this case. Mr. Nassif will be filing a motion for bond pending appeal with this Honorable Court. The undersigned sought

an expedited delivery of the sentencing transcript in the instant case (requesting a 14-day delivery of the transcript). The undersigned received the transcript this past Friday, May 26, 2023. Additionally, the undersigned and his appellate co-counsel, Assistant Federal Defender Melissa Fussell, have filed their applications for admission to the District of Columbia Court of Appeals Bar.

    3.    That Mr. Nassif has been ordered to surrender on June 13, 2023, to the United States Penitentiary located in in Atlanta, Georgia.

    4.    Mr. Nassif has been on pre-trial release since May 10, 2021. He was supervised by the United States Pre-Trial Services Office in the Middle District of Florida and still continues to be supervised by that office. There have been no violations of Mr. Nassif's pre-trial release. PSR ¶ 6. Additionally, as documented in his pre-sentence report, Mr. Nassif does not have any prior criminal convictions and does not have a history of violence. PSR ¶ 43, 44.

    5.    The undersigned has conferred with government counsel in this case regarding the relief sought by his motion. Government counsel opposes the extension of Mr. Nassif's surrender date in this case.

    6.    In the instant case, Mr. Nassif was charged with 18 USC § 1752(a)(1) in count one. The probation office scored said offense pursuant to USSG § 2B2.3 of the guidelines. PSR ¶ 28. The parties agreed with this scoring. In count two, Mr. Nassif was charged with a violation of 18 USC §

1752(a)(2). The probation office scored Nassif pursuant to USSG § 2A2.4 of the sentencing guidelines. PSR ¶ 29. The government agreed with the probation office. The undersigned objected and argued that the more appropriate guideline was USSG § 2B2.3. PSR, Addendum, pages 23-25. For counts three and four, the probation office correctly noted that both were Class B misdemeanors and the sentencing guidelines did not apply to either count. PSR ¶ 32.

7. During the sentencing hearing, the government argued that the appropriate guideline for 18 USC § 1752(a)(2) was USSG § 2A2.2. Sentencing transcript, pages 11-14. The undersigned argued the guideline that should have been applied to count two was USSG § 2B2.3. Sentencing transcript, pages 24-30. The undersigned also specifically referred this Court to the decision by the Honorable Judge Friedman, who found, in the case of *United States v. Brodnax,* Case No.: 1:21-cr-00350, that the appropriate guideline for a violation of 18 USC § 1752(a)(2), was USSG § 2B2.3. Sentencing transcript, pages 26-27. The Court overruled undersigned's objection. Sentencing transcript, pages 36-39. This put Mr. Nassif in a sentencing range of 10 to 16 months, including the obstruction enhancement. Sentencing transcript, page 44. Other district judges in the D.C. District Court have also applied § 2A2.4 to the 1752(a)(2) count.

8. In using 2A2.4 as the appropriate guideline, together with a two-level enhancement for obstruction, the Court found that Nassif's total offense level was 12, criminal history I, for a sentencing range of 10-16 months. Sentencing transcript, page 44. If this Court would have applied USSG § 2B2.3, as argued by the defense and as found by Judge Friedman in the Brodnax case, Nassif's total offense level, together with a two-level enhancement for obstruction, would have been 0-6 months. The Court of Appeals for the District of Columbia must ultimately decide the issue of whether the appropriate guideline for a violation at 18 USC § 1752(a)(2) is USSG § 2A2.4 or USSG § 2B2.3. If the Court of Appeals decides that the correct guideline is USSG § 2B2.3, then Mr. Nassif would be eligible for a resentencing with an applicable guideline range of 0-6 months. However, if the Court of Appeals rules in such a manner, Nassif will have probably completed his entire sentence of imprisonment in the instant case.

9. This Court granted similar relief recently in the case of *United States v. Larry Brock,* 21-140 (JDB). Doc 110. In that case, Brock filed a motion for bond pending appeal in the district court. Doc 101. This Court denied the request. Doc 107. Brock then filed for a thirty-day extension of time to self-surrender so that he could pursue a bond pending appeal in the appellate court. Doc 108. This Court allowed a thirty-day extension of the self-

surrender date "solely" to give Brock a chance to seek relief from the D.C. Circuit before reporting to serve his sentence. Doc 110.

10. Nassif seeks a delay for the same purpose as Mr. Brock. Undersigned counsel filed his notice of appeal four days after the judgment was filed. Counsel then immediately requested an expedited, 14-day delivery of the sentencing transcript. Both undersigned counsel and co-counsel have submitted their respective applications to be admitted to the D.C. Court of Appeals. Finally, and most importantly, counsel has preserved a sentencing guideline issue which judges of this district court have interpreted differently. If the Court of Appeals holds that USSG § 2B2.3 is the appropriate guideline, then Mr. Nassif's sentencing range, upon a resentencing, would be 0 to 6 months.

In the instant case, Nassif seeks additional time in which to self-surrender to the Bureau of Prisons. The time requested is necessary in order for the undersigned to file a motion for bond pending appeal in the district court. If said motion is denied, the undersigned would seek release from the Court of Appeals. Thus, the time requested is reasonable given the circumstances.

Wherefore, Mr. Nassif respectfully requests that this Court grant an extension of his surrender date for a period of forty days, or until July 23, 2023.

Respectfully submitted,

A. Fitzgerald Hall, Esq.
Federal Defender, MDFL

*/s/ James T. Skuthan*
James T. Skuthan, Esq.
First Assistant Federal Defender
Florida Bar Number 0544124
201 South Orange Avenue, Ste. 300
Orlando, Florida 32801
Telephone: 407-648-6760
Facsimile: 407-648-6095
E-Mail: jim_skuthan@fd.org
Counsel for the Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of May 2023, a true and correct copy of the foregoing was furnished by using the CM/ECF system to the Clerk of the Court, which will send notice of such filing to all counsel of record.

*/s/ James T. Skuthan*
James T. Skuthan, Esq.