**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 21-cr-421-JDB** |
| **JOHN MARON NASSIF,** | |
| **Defendant.** | |

**GOVERNMENT'S OPPOSITION TO THE DEFENDANT'S**
**MOTION TO EXTEND SELF-SURRENDER DATE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response in opposition to the Defendant's Motion to Extend Self-Surrender Date. Defendant Nassif participated in the Capitol riot on January 6, 2021. Following a two-day bench trial, the Defendant was convicted of the four charged misdemeanors. On April 27, 2023, the Court sentenced the Defendant to serve a total of seven (7) months in custody, broken down as follows: seven (7) months of incarceration on Counts 1 and 2, 18 U.S.C. §§1752(a)(1) & (2), and a sentence of six (6) months of incarceration on Counts 3 and 4, 40 U.S.C. §§ 5104(e)(2) (D) and (G) to run concurrently with each other and Counts 1 and 2. ECF 87, Judgment in a Criminal Case, at 1-2. On May 12, 2023, the Defendant filed a notice of appeal. ECF 89. On May 30, 2023, the Defendant filed the instant motion. ECF 91. The Defendant has failed to show good cause as to why his report date to the Bureau of Prisons ("BOP") should be extended. Accordingly, the Defendant's motion should be denied and he should be directed to report to the BOP, as scheduled, on June 13, 2023.

The Defendant's stated reason for extending his report date to BOP is so his counsel can first file a motion for a bond pending appeal with the Court, and in the event this Court denies his

motion, the Defendant could then "pursue a bond pending appeal in the appellate court." ECF 91 at 4. The Defendant relies on this Court's Order granting similar relief in *United States v. Larry Brock*, 21-140 (JDB), ECF 110. The main reason the Court granted Defendant Brock's motion to extend his time to self-surrender an additional thirty-days was to allow Brock time to "request relief from the Circuit court." ECF 110. The second reason advanced by Brock, regarding a decision in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), does not apply to Defendant Nassif as he was not convicted of 18 U.S.C. §1512(c)(2).   This Defendant was sentenced by this Court on April 27, 2023, and defense counsel still has not filed a motion for bond pending release. Further, defense counsel for Nassif advised that they applied for admission to the D.C. Circuit Court on May 12, 2023, and that admission was granted on May 30, 2023. Had defense counsel filed a motion for bond pending appeal in this Court earlier, the Defendant could now seek relief with the Circuit Court without seeking to delay his self-report date, if necessary.

In addition, the Defendant incorrectly analogizes his case to Brock's regarding a sentencing guideline issue he preserved on appeal, namely, that he believes that the appropriate guideline for a violation at 18 U.S.C. § 1752(a)(2) is USSG § 2B2.3, and not USSG § 2A2.4. The Defendant argues that if the D.C. Circuit Court of Appeals decides that the correct guideline application is USSG § 2B2.3, then he would be eligible for a resentencing with an applicable guideline range of 0-6 months. That the Court of Appeals would rule in the Defendant's favor on this issue is mere speculation, and that it would do so before July 23, 2023 is highly unlikely. At Defendant's sentencing hearing, the Court, the government, and the probation office all agreed that USSG § 2A2.4 is the appropriate guideline for obstructing or impeding officers, under 18 USC § 1752(a)(2). Specifically, the Court stated,

"And so I will apply 2A2.4. It seems to me that that's the right conclusion because the potential applicability of 2B2.3 would rest upon whether the offender committed or attempted trespass. But unlike 1752(a)(1), trespass is not necessary for a conviction under 1752(a)(2). It's not speaking to the entering or remaining. It's speaking to the conduct in the building and -- or in the proximity to the building. It seems like the charged conduct really is not tagged to whether there was a trespass. So while 2B2.3 fits nicely with 1752(a)(1), I don't think it fits as well with 1752(a)(2). And 2A2.4, the guideline for obstructing or impeding officers, I think, is more appropriate for 1752(a)(2). And that's consistent with most of the other judges, all but Judge Friedman. (Sent. Tr. at 39.)

In his motion, Defendant Brock argued that the *Fischer* case was already before the court, and Brock argued for a delay in the time to self-report to the BOP in the event the D.C. Circuit Court of Appeals *might* review the case *en banc*. (*Brock*, ECF 108 at 2).[1]  In this case, the guidelines issue that the Defendant has preserved on appeal is not currently before the D.C. Circuit Court of Appeals, and given that all but one judge in the D.C. District Court, Judge Friedman, have disagreed with Defendant's position that USSG § 2B2.3 is the correct guideline to apply for a conviction under 18 U.S.C. § 1752(a)(1), it is uncertain if the Defendant would succeed on appeal. As such, the idea that this guidelines issue will be taken up by the D.C. Circuit Court of Appeals and/or resolved in the Defendant's favor in a timely fashion is pure conjecture and fails to cite a legitimate, and good-faith, basis to extend the Defendant's self-surrender date with BOP.

The Defendant showed up promptly in Washington, D.C. on January 6, 2021 to participate in the riot at the U.S. Capitol that disrupted the peaceful transfer of power.  He now stands convicted and sentenced for his crimes and should show up promptly to serve his sentence.  No

---

[1]  It is worth noting that on May 12, 2023, Defendant Brock filed a motion for bond pending appeal with the D.C. Circuit Court of Appeals. The government filed a response in opposition, and the Court denied the Defendant's motion on May 25, 2023. *USA v. Larry Brock,* No. 23-3045 (D.C. Cir. 2023) Further, a search of the online BOP locator on June 5, 2023 revealed that Brock is currently incarcerated at MCFP Springfield, in Springfield, Missouri, with a scheduled release date of February 4, 2025. (*See* https://www.bop.gov/inmateloc/)

extension of time to self-surrender is warranted.

Respectfully submitted,

MATTHEW D. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052


BY:     */s/ Elizabeth N. Eriksen*
ELIZABETH N. ERIKSEN
VA Bar No. 72399
Trial Attorney, Detailee
United States Dept. of Justice,
Criminal Division
Detailed to USAO-DC
(202) 616-4385
Elizabeth.Eriksen@usdoj.gov